M.D. Appeal Dkt.
5  2015

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

HERDER SPRING HUNTING CLUB,   : No. 556 MAL 2014
           :
    Respondent     :
           : Petition for Allowance of Appeal from the
           : Order of the Superior Court
      v.        :
           :
           :
HARRY KELLER AND ANNA KELLER,   :
HIS WIFE; J. ORVIS KELLER; ELLIS O.   :
KELLER; HENRY HARRY KELLER;    :
WILLIAM H. KELLER; MARY EGOLF;    :
JOHN KELLER; HARRY KELLER; ANNA   :
BULLOCK; ALLEN EGOLF; MARTIN    :
EGOLF; MARY LYNN COX; ROBERT    :
EGOLF; NATHAN EGOLF; ROBERT S.   :
KELLER; BETTY BUNNELL; ANN K.    :
BUTLER; MARGUERITE TOSE; HENRY   :
PARKER KELLER; PENNY ARCHIBALD;   :
HEIDI SUE HUTCHISON; REBECCA    :
SMITH; ALEXANDRA NILES     :
CALABRESE; CORRINE GRAHAM    :
FISHERMAN; JENNIFER LAYTON    :
MANRIQUE; DAVID KELLER; STEPHEN   :
RICHARD KELLER; MICHAEL EGOLF,   :
THEIR HEIRS, SUCCESSORS,     :
EXECUTORS, ADMINISTRATORS, AND   :
ASSIGNS, AS WELL AS ANY OTHER   :
PERSON, PARTY OR ENTITY,     :
           :
      Petitioners    :

## <u>ORDER</u>

**PER CURIAM**

  **AND NOW**, this 27th day of January, 2015, the Petition for Allowance of Appeal

is **GRANTED**.  The issues are:

(1)     By failing to strictly construe [72 P.S. § 5020-409] and by ignoring and/or misconstruing this Court's prior holdings, did the Superior Court err in ruling that a tax sale that occurred thirty-six years after the duly recorded severance of the subsurface oil and gas estate extinguished [p]etitioners' interests where the tax deed and related documents described the assessed property as being that held by the then[-]unseated surface estate owner and when it is undisputed that there was no prior production or other basis upon which a valid assessment could be made of the reserved oil and natural gas interests?

(2)     Did the Superior Court deny the [p]etitioners' due process rights under the United States and Pennsylvania Constitutions when it held that the 1935 tax sale divested [p]etitioners of their properly reserved oil and natural gas interests?

(3)     Did the Superior Court overlook controlling authority which provides that a grantee is bound by prior exceptions and reservations cited in its deed?

(4)     Did the Superior Court exceed the scope of its appellate authority by making a factual finding that the Kellers never notified the Centre County Commissioners of their severed oil and gas estate when the trial court found that there was no evidence one way or another as to whether such notice was provided?